FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA 2015 JAN 16 P 1: 36
Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| LAURA FLORES )<br>)<br>*On behalf of herself and* )<br>*all others similarly situated* )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>GABRIEL HOMES, INC. )<br>11709 Newbridge Court )<br>Reston, Va 20191 )<br>)<br>)<br>SERVE: REBECCA HARTNER )<br>11709 Newbridge Court )<br>Reston, Va 20191 )<br>)<br>and )<br>)<br>REBECCA HARTNER )<br>11709 Newbridge Court )<br>Reston, VA 20191 )<br>)<br>SERVE: REBECCA HARTNER )<br>11709 Newbridge Court )<br>Reston, VA 20191 )<br>)<br>DEFENDANTS. )<br>)<br>)<br>_____ ) | Case No. 1:15CV68<br><br>**JURY TRIAL DEMAND**<br><br>AJT / TRJ |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Laura Flores ("Plaintiff"), by and through undersigned counsel and on behalf of herself and all others similarly situated, hereby submits this Complaint against Defendant Gabriel Homes, Inc. ("Gabriel Homes" or "GH") and Defendant Rebecca Hartner ("Hartner"; collectively, "Defendants") to recover unpaid wages, liquidated

damages, reasonable attorney's fees, and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

## PARTIES AND JURISDICTION

1. Plaintiff Laura Flores is an adult resident of the Commonwealth of Virginia.

2. Defendant Gabriel Homes is a corporation formed under the laws of the Commonwealth of Virginia with its principal office in Herndon, Virginia.

3. At all times relevant to this action, Defendant Gabriel Homes was an enterprise engaged in interstate commerce within the meaning of FLSA.

4. Defendant Hartner is Executive Director of GH. Upon information and belief, Hartner established pay policies and acted personally as an employer suffering and permitting Plaintiff and similarly situated individuals to work without being paid their overtime premium.

5. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a), and Defendants fit the definition of an "employer" under the same section of the FLSA.

6. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants operate in this district and a substantial part of the unlawful conduct giving rise to these claims occurred in this district.

## FACTS AND ALLEGATIONS

7. Plaintiff and other similarly situated individuals are current and former employees of Defendants.

8. Plaintiff commenced her employment with Defendants on or about August 2007.

9. While Plaintiff was employed, Defendants had knowledge of and directed or permitted Plaintiff to work as many as one hundred sixty-five (165) hours in a two-week period, often working eighty-two and one-half (82.5) hours or more in a two-week period.

10. On or about the beginning of Plaintiff's employment in 2007, Defendants agreed to pay Plaintiff a base hourly rate of eighteen dollars ($18) per hour worked and an overtime rate of twenty-seven ($27) per hour.

11. From the beginning of her tenure with GH, Plaintiff worked a shift starting at 3:30 p.m. and ending at 8 a.m., with few exceptions. When Plaintiff worked this shift, Defendants did not compensate her for the hours she worked between 10 p.m. and 6 a.m.

12. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half times the regular rate at which he is employed."

13. Defendants, therefore, were required to pay Plaintiff a minimum rate of twenty-seven dollars ($27) per hour for every hour she worked over forty (40) hours per week.

14. Plaintiff worked for Defendants for a total of approximately seven (7) consecutive years.

15. Between 2007 and her termination in 2014, Plaintiff worked from 3:30 p.m. to 8 a.m. four days per week. During this time, Defendants' paychecks to Plaintiff did not include any pay for the forty (40) overtime hours she worked each pay period.

16. At various times, Plaintiff has had one of two Friday shifts, depending on the availability of weekend staff.

17. On some Fridays, Plaintiff worked from 2 p.m. to 8 p.m., at which point she would be relieved by weekend staff.

18. On other Fridays, Plaintiff worked from 3:30 p.m. to 8 a.m., just as she did from Monday through Thursday.

19. Plaintiff's paystubs show that Defendants credited her with exactly eighty (80) hours of pay for every two-week pay-period; however, Plaintiff actually worked for a total of one hundred sixty-five (165) hours every two-week pay period.

20. Each week, Plaintiff worked uncompensated hours subject to an overtime premium for a total rate of $27 an hour.

21. In the three years of her employment by Defendants immediately preceding the filing of this Complaint, Plaintiff, therefore, worked for approximately 6,240 hours for which Defendants did not compensate her, all of which should have been paid at the one-and-one-half multiplied overtime rate.

22. At all times, Defendants had knowledge that Plaintiff regularly and customarily worked eighty (80) hours per week and suffered or permitted Plaintiff to work eighty (80) hours per week.

23. In the three years of her employment by Defendants immediately preceding the filing of this Complaint, Defendants did not pay Plaintiff, as required by the FLSA, overtime pay for the approximately 6,240 overtime hours she worked.

24. Defendants failed to pay Plaintiff and those similarly situated an amount that shall be determined in discovery for the uncompensated overtime hours worked at GH.

25. At no time did Plaintiff or those similarly situated perform work that meets the definition of exempt work under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff is pursuing this action as an FLSA collective action on behalf of herself and all other similarly situated individuals who performed residential counseling services for Defendants during the relevant time period covered under that statute of limitations.

27. Defendants' pay practices were consistent for substantially longer than the period covered by the FLSA.

28. The relevant period to this action is three years prior to the date of the filing of this Complaint if the Court finds that Defendants' violations were willful or, in the alternative, two years prior to the date of the filing of this Complaint. 29 U.S.C. § 255(b).

29. In the present case, the questions of law or fact common to the members of the collective action predominate over any questions affecting only individual plaintiffs.

30. The essence of this entire case is that Defendants engaged in common and systematic violations of the FLSA overtime requirement.

31. Common to the claims of Plaintiff and all collective action members is that each individual failed to receive an overtime premium for hours worked in excess of forty (40) per week in accordance with the required FLSA Overtime rate.

32. Specifically, Plaintiff and each collective action member is entitled to recover the difference between the wages Defendants paid them each week and the hours and wages Defendants should have paid Plaintiffs and each collective action member had Defendants compensated Plaintiff and each collective action member as required by the FLSA for all work duties performed primarily for Defendants' benefit.

33. In response to Plaintiff's first inquiry regarding this matter, Defendant Hartner responded via email to counsel that "Gabriel Homes positions comply with DOL regulation 29 C.F.R. §785.22." *See* Email of December 19, 2014, attached hereto as Exhibit A.

34. 29 C.F.R. §785.22 is entitled "Duty of 24 Hours or More" and provides the regulatory basis for overtime in situations when a shift equals or exceeds 24 hours.

35. At no time did Plaintiff's shift equal or exceed twenty-four (24) hours.

36. 29 C.F.R. §785.22 does not apply to Plaintiff's position or the positions of those similarly situated to her.

37. At this time, Plaintiff does not know the number of individuals whose rights have been violated, but Plaintiff does know that those people are numerous.

38. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## WILLFULNESS

39. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

40. All actions by Defendants were willful and not the result of mistake or inadvertence.

41. Defendants knew Plaintiff was regularly working eighty (80) hours per week because Defendant scheduled her to work from 3:30 p.m. to 8 a.m. as many as five days per week.

42. Defendants knew or should have known about its obligation to pay Plaintiff for the overtime hours she worked on a regular basis.

43. Defendants are aware of Department of Labor regulations.

44. On information and belief, Defendants willfully misused a regulation entitled "Duty of 24 Hours or More," 29 C.F.R. §785.22 to underpay and withhold wages from employees who worked shifts shorter than twenty-four (24) hours.

## COUNT I
### (Class Wide Violations of Federal Fair Labor Standards Act)
### 29 U.S.C. § 201 *ET SEQ.*

45. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

46. Defendants are employers of Plaintiff and all others similarly situated for purposes of the FLSA.

47. Plaintiff and all others similarly situated were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was their "employer" under FLSA, 29 U.S.C. § 207(a)(2).

48. GH is an entity engaged in interstate commerce.

49. The FLSA requires that employers pay employees wages that compensates the employees for overtime hours worked per week in excess of forty (40) at an hourly rate not less than one-and-one half (1½) times their hourly wage.

50. Plaintiff and all other similarly situated individuals regularly worked uncompensated overtime hours, with the actual and/or constructive knowledge of Defendants.

51. Defendants failed to compensate Plaintiff and all other similarly situated individuals at a rate of time and a half their normal pay rate for all hours over forty that they worked each workweek.

52. Defendants regularly and willfully violated the FLSA by not paying Plaintiff and all other similarly situated individuals overtime wages for all hours each employee was required and/or "suffered or permitted" to work over 40 (forty) hours each week.

53. Defendants' failure and refusal to pay Plaintiff and others similarly situated as required by the FLSA was willful and intentional, and was not in good faith.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants are liable to Plaintiffs and all other similarly situated individuals under Count I for all unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff Laura Flores, on behalf of herself and all other similarly situated individuals, demands a trial by jury.

Respectfully submitted,

_____
Joshua Erlich, VA Bar No. 81298
Benjamin W. Owen, VA Bar No. 86222
The Erlich Law Office, PLLC
2111 Wilson Blvd.
Suite 700
Arlington, VA  22201
Tel:   (703) 791-9087
Fax:   (703) 351-9292
Email: jerlich@erlichlawoffice.com

*Counsel for Plaintiffs*